FILED
2020 Jan-21 AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | }<br>}<br>} |
| **v.** | } Case No.: 2:17-cr-00356-RDP-JHE<br>}<br>} |
| **QUINCETTA YVONNE CARGILL.** | }<br>} |

## ORDER

This matter is before the court on Defendant Quincetta Yvonne Cargill's ("Defendant") Motion to Suppress, Strike, Check, and/or Restrain Evidence. (Doc. # 121). On November 4, 2019, the Magistrate Judge entered a Report and Recommendation ("R&R") denying Defendant's Motion. (*See* Doc. # 160). On November 14, 2019, Defendant filed her objections to Judge England's R&R. (Doc. # 164). The court addresses each objection, in turn. After doing so and after careful review, the court concludes that the objections should be overruled and the Magistrate Judge's R&R is due to be adopted and accepted.

First, Defendant objects to the R&R's conclusion as it relates to the Indictment's charge that Defendant operated "an ostensible non-profit organization called the [UCC]." (Doc. # 160 at 1). Defendant contends that the facts show that she served as a Director of UCC and that UCC is "a legal entity having . . . the capacity to sue and be sued." (*Id.* at 4). Defendant also contends that the facts show that the government committed fraud, forgery, and deception in obtaining the records related to UCC. (*Id.* at 3-4). The government contends that the "records were obtained from banks by way of legal process," and Defendant has not offered any explanation as to how the government's actions were unlawful or unconstitutional. (Doc. # 134 at 6-7). And, Defendant cannot contest the sufficiency of the evidence in this Motion. See *United States v. Salman*, 378

1

F.3d 1266, 1268 (11th Cir. 2004) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.") (citation omitted). Thus, Defendant's first objection is without merit.

Second, Defendant objects to the R&R's conclusion as it relates to the Indictment's charge that she "used" UCC to facilitate the fraud conspiracy. Defendant contends that (1) if UCC was "used" to facilitate any crime, then -- by arrangement -- it is guilty as an entity, and (2) there is no evidence supporting this charge. (Doc. # 164 at 5). Defendant also suggests that UCC may have been a victim of "Business Identity Theft" or "'used' by one of the other co-owners." (Doc. # 164 at 5-6). However, Defendant offers no factual support for any of these assertions, and, again, Defendant is attempting to contest the sufficiency of the evidence before trial. As noted above, Defendant cannot do so in this Motion.

Third, Defendant objects to the R&R's conclusion that UCC was not "arrested." (Doc. # 164 at 7). As noted by Judge England, Defendant has not identified anything about any such arrest (or even explained how an artificial entity like UCC could be subject to an arrest). And, while Defendant contests the fact that she has a connection to UCC bank accounts, this again goes to the sufficiency of the evidence, and the court will not entertain sufficiency of evidence challenges. Additionally, Judge England held that "an individual cannot assert a corporation's Fourth Amendment rights absent a showing that [s]he had an independent privacy interest in the goods seized or the area searched." *United States v. Vicknair*, 610 F.2d 372, 379 (5th Cir.1980) (citations omitted). Defendant asserts that, while she does not have any personal connection to the UCC bank account, she does have an independent privacy interest, which is in "the trust and both future interest and life interest in [UCC] whereby the misuse of the name and the unauthorized access or any unauthorized electronic or withdrawals or transfers would equally effect such interest." (Doc.

2

# 164 at 7-8). However, this blanket, conclusory assertion, without more, does not translate to an "independent privacy interest" in UCC's bank accounts, and it is insufficient to confer standing to Defendant to assert a Fourth Amendment right as to UCC.

Thus, after careful review and for the reasons explained above, Defendant's objections to the R&R are without merit. Defendant's Motion (*see* Doc. # 160) is **DENIED**, and the Magistrate Judge's R&R is **ADOPTED** and **ACCEPTED**.

**DONE** and **ORDERED** this January 21, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE