# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v. } | Case No.: 2:17-CR-356-RDP-JHE |
| } | |
| QUINCETTA YVONNE CARGILL, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant Quincetta Yvonne Cargill's Motion to Reduce Sentence for Compassionate Release Pursuant to First Step Act of 2018 Due to COVID-19 Contagion (BA.2 Variant) (BA.4 and BA.5). (Doc. # 368). *See* 18 U.S.C. § 3582(c)(1)(A)(1). Since she filed that Motion, she has filed a request for a definitive ruling on the Motion (Doc. # 370) and a Supplement to the Motion. (Doc. # 372).

Defendant Cargill was initially indicted in July 2017 on one count of conspiracy to commit mail and wire fraud. (Doc. # 367 at 3). In September 2017, Cargill filed, through counsel, a motion for a mental and forensic examination, which was granted. (*Id*.). At the competency hearing in November 2018, the magistrate judge found Cargill competent to proceed. (*Id*.). In June 2019, Cargill filed a motion to represent herself and allow her counsel to act as hybrid counsel, which the court granted. (*Id*.). In November 2019, a superseding indictment was filed which added a charge of attempted witness tampering. (*Id*.). Cargill later filed a motion for a bench trial, which was granted. (Id.). On the first day of the bench trial in February 2020, Cargill signed a revised waiver of jury trial and included "without prejudice, UCC 108" with her signature. (*Id*.). The court explained that sovereign citizen arguments would not "fly here," and Cargill responded that she understood. (*Id*.).

After the bench trial, the court found Cargill guilty as charged in the superseding indictment. (*Id*. at 4). After several post-trial motions were denied, in September 2020, Cargill was sentenced to serve one hundred eighty months as to Counts 1 and 2, to be served separately and concurrently with each other and with the sentence imposed in Jefferson County Circuit Court Case No. 01-CC-2014-003042.00. (Doc. # 282). On the day the Judgment was entered imposing her sentence, Cargill filed a Notice of Appeal. (Doc. # 284). Pursuant to her request, new counsel was appointed to represent Cargill on appeal. (Doc. # 292). That appeal is still pending.

In her current Motions, Cargill seeks compassionate release from prison under § 3582(c)(1)(A)(i), as amended by the First Step Act, due to the spread of COVID-19 in combination with her various alleged medical conditions, the ongoing war in Ukraine, and "racial hate." (Doc. # 368-1).

Cargill is fifty years old and is due to be released on December 26, 2032.[1] She is currently housed at FCD SeaTac, a facility that currently has one inmate and no staff member who have tested positive for COVID-19.[2] Three hundred fifty-nine inmates and seventy-six staff members at FCD SeaTac have recovered from COVID. *Id*. Cargill states that she tested positive for COVID-19 in January 2022, but also asserts that she "has experienced two exhausting [bouts] with COVID-19." (Doc. # 368-1 at 25, 33). On July 27, 2021, Cargill was afforded the opportunity to receive the COVID-19 vaccine but she refused, citing religious reasons. (Doc. # 368-8 at 11).

Pursuant to § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results. (Last visited September 29, 2022).

[2] https://www.bop.gov/coronavirus/. (Last visited September 29, 2022).

2

The exception in § 3582(c)(1)(A) provides that when a defendant has exhausted his or her administrative remedies, the court may exercise discretion to reduce the term of imprisonment after considering the factors set forth in § 3553(a) if (1) extraordinary and compelling reasons warrant such a reduction and (2) such a reduction is consistent with applicable policy statements. *United States v. Smith*, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020).

Cargill argues that the spread of COVID-19 in combination with her various conditions including post-COVID symptoms, as well as the ongoing war in Ukraine and "racial hate," present extraordinary and compelling reasons to release her immediately to serve a longer term of special supervised release, or to be admitted to a federal halfway house. (Doc. # 368, 368-1). Cargill further argues that the conditions of her prison and the spread of "monkeypox" present extraordinary and compelling reasons for her release. (*Id.*).

This court's ability to modify or reduce a sentence once imposed is limited. The compassionate-release provision of § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is an exception to this limitation. That is, that subsection allows a sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the BOP to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). Cargill has exhausted her administrative remedies. (Doc. # 368-3). Thus, the court may address her Motion.

Despite exhausting her administrative remedies, Cargill is still not entitled to relief here. In *United States v. Bryant*, 996 F.3d 1243, 1252-52 (11th Cir. 2021), the Eleventh Circuit held that the policy statement in U.S.S.G. § 1B1.13 is binding on a district court. "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be

consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Section 1B1.13 lists four reasons that are extraordinary and compelling: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which 'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) '[a]s determined by the Director of the Bureau of Prisons,…an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).'" *Bryant*, 996 F.3d at 1249. In addition, the policy statement requires that, to be eligible for release, a defendant not pose a danger to society. § 1B1.13(2).

Cargill alleges she is at greater risk for COVID-19 due to her characteristics and underlying health conditions which include her ethnicity and age, "COVID Brain or Long COVID," hypertension, substance abuse disorders, the effects of a history of smoking, anemia, obesity, osteoarthritis, blockage, chronic PTSD, depression, schizophrenia, and an eating disorder. *See generally* Doc. # 368-1. This does not entitle Cargill to relief for multiple reasons.

"Merely being a prisoner with risk factors for COVID-19 is not an extraordinary and compelling medical reason" for compassionate relief. *United States v. Ladson*, 2022 WL 2678741, at *2 (11th Cir. 2022). Moreover, the record indicates that Cargill has received adequate care for her medical conditions while in prison. She has been prescribed oxcarbazepine, meloxicam, amlodipine, and hydrochlorothiazide for her hypertension, arthropathy, and schizoaffective disorder. (Doc. # 368-8 at 5, 8, 10, 29). And, "the confluence of [a prisoner's] medical conditions and COVID-19 [do] not constitute an extraordinary and compelling reason warranting compassionate release when the prisoner's medical conditions [do] not meet the criteria of § 1B1.13." *United States v. Sookralli*, 2022 WL 2952504, at *2 (11th Cir. 2022) (quotation marks

omitted) (citing *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021)). None of the medical conditions that Cargill claims she suffers from are terminal or prohibitive of self-care within the correctional facility. Nor are they conditions from which she is unexpected to recover. Therefore, Cargill has failed to carry her burden of showing extraordinary and compelling circumstances to warrant compassionate release.

The Eleventh Circuit has held that district courts do *not* have the discretion "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248. Application Note 1(D) allows for other extraordinary and compelling reasons *as determined by the Director of the Bureau of Prisons*. But, "the phrase '[a]s determined by the Director of the [BOP]'" cannot be replaced with "as determined by a district court." *United States v. Lewis*, 2021 WL 2810093, at *2 (M.D. Fla. July 6, 2021) (quoting *Bryant*, 996 F.3d at 1263).

In addition, the availability of COVID vaccinations has substantially diminished the risk of serious illness from COVID-19. *See United States v. Barbieri*, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (citing *United States v. Rojas*, 2021 WL 1895810, at *6 (S.D. Fla. May 11, 2021) (recognizing that the defendant's once-legitimate concerns about COVID-19 would become moot upon availability of a vaccine to protect against serious COVID-19 infections); *see also United States v. Parker*, 2021 WL 2434270, at *3 (S.D. Fla. June 14, 2021) (denying motion for compassionate release for failure to identify extraordinary circumstances, explaining "Defendant argues that he has a high probability of being exposed to COVID-19 but the extensive availability of vaccines clearly rebuts that dated argument."). This court, like others, "seriously doubts an inmate can refuse to protect himself or herself with the vaccine and then argue he or she is at serious risk from Covid-19." *United States v. Aguilar*, 2022 WL 1125385, at *2 (N.D. Ga. Apr. 15, 2022); *see also United States v. Sims*, 2021 WL 872218, at *3 (E.D. Mich. Mar. 9, 2021)

(denying compassionate release in part because "the ongoing vaccination program" at the prison mitigates any risks by COVID-19).

None of the other bases that Cargill argues warrant compassionate release fall within the four reasons provided for in Section 1B1.13. *Bryant*, 996 F.3d at 1262. To reiterate, district courts, at least within the Eleventh Circuit, do *not* have the discretion "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248.

Even if the reasons asserted for compassionate release did warrant consideration of release, the court must also consider whether Cargill poses a danger to society under § 1B1.13(2). In that regard, she has a lengthy criminal history consisting mostly of theft and fraud-type convictions beginning at the age of 18. (Doc. # 281 at 16-35). In this case, a superseding indictment was issued against Cargill for Witness Tampering by "attempt[ing] to intimidate, threaten, and corruptly persuade G.S. by attempting to engage in communications with motorcycle club members to inform them of G.S.'s status as a potential witness, and to insinuate to such members that G.S. might also cooperate against them." (Doc. # 169). She was convicted on this charge. (Doc. # 282). Moreover, at the trial of this case, Cargill admitted to the court that she had previously shot a man in the face. Indeed, she was charged with attempted murder in the Circuit Court of Jefferson County, Alabama, (Case No. 01-CC-2014-003042.00). She was able to resolve that case by pleading guilty to a reduced charge of First Degree Assault. (Case No. 01-CC-2014-003042.00, Doc. # 172). Thus, the record supports a finding that if released, Cargill would pose a danger to society.

For all of these reasons, Cargill's Motion to Reduce Sentence (Doc. # 368) and her request for a definitive ruling (Doc. # 370) are **DENIED**.

**DONE** and **ORDERED** this October 4, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE